## UNION PAPER-BAG MACHINE Co. and others v. STANDARD PAPER-BAG Co. and others.

*(Circuit Court, D. Massachusetts. November 26, 1886.)*

PATENTS FOR INVENTIONS—INFRINGEMENT—PAPER-BAG MACHINES.

Claims 8, 10, and 13 of reissued letters patent No. 8,357, July 30, 1878, for improvements in paper-bag machines, by opening the end of a tubular blank, and forming the first or diamond fold thereof by means of the conjoint action of two adjacent moving surfaces, these surfaces consisting of two revolving rollers into which the blank is fed, the lower roller drawing the free or lipped end of the blank in one direction, while the other roller, moving in another direction, pulls the other side of the blank by the seam connecting it with the preceding blank, this operation extending the mouth of the bag into a diamond fold shape, *held* not to be infringed by defendant's machine, which has only one roller, and no second divergent moving roller; the fold not being formed by the conjoint action of two diverging moving surfaces.

In Equity.
*George Harding* and *M. B. Philipp,* for complainants.
*Chauncey Smith,* for defendants.

COLT, J.    This suit is brought for infringement of reissued letters patent No. 8,357, dated July 30, 1878, granted to Alfred Adams and Byron B. Taggert, as assignees of Charles B. Stillwell, for improvements in paper-bag machines.    Three claims are involved in the present controversy,—the eighth, tenth, and thirteenth.
Claim 8 is as follows:

"(8) As an improvement in the art of forming satchel-bottomed paper bags by machinery, the method hereinbefore set forth, of opening the end of a tubular blank, and forming the first fold thereof, by means of the conjoint action of two adjacent diverging moving surfaces, substantially such as described, between which the blank is continuously fed, and to which surfaces the contiguous sides of the blank are caused temporarily to conform as they move over said surfaces by means substantially such as described, whereby the fold is formed, while the blank is in motion, simply by the strain upon the paper itself."

The tenth claim is like the eighth, with the addition of a compressor which presses the fold upon the blank.    The thirteenth claim embraces the various operations of the Stillwell machine, whereby bags are formed from a tubular blank while passing continuously through the machine.    The improvements of Stillwell relate to satchel-bottomed bags, which, when opened, have a rectangular bottom, so they will stand alone.    In the present suit we are specially concerned with the improvement in the means for making the primary or diamond fold.    By the conjoint action of two adjacent divergent moving surfaces the diamond fold is formed while the blank is continuously fed.    These moving surfaces are in the form of two revolving rollers, into which the blank, when partially cut, is fed.    The lower roller, by means of pins or grippers, draws the free or lipped end of the blank in one direction, while the other roller, moving in another direction, pulls the other side of the blank by the seam connecting it with the preceding blank.    This operation extends the mouth of the bag into a diamond fold shape.    The fold is then pressed between the upper roller and a third roller called the "compressor."

In defendants' machine there is one roller which draws away one side of the blank, and forms, or partially forms, a diamond fold on that side.    At the same time a spear-pointed separator, acting conjointly with this roller, helps to bring the other side of the blank into shape; so that, when the blank passes through the second pair of rollers, the diamond fold is completed by the compression of the paper on itself.    In this machine there is no second divergent moving roller, and the fold is not formed by the conjoint action of two diverging moving surfaces.

It is urged that the supporting plates near the separator, and the lower rollers, 1 and 2, of the defendants' machine, act as a second diverging moving surface. I cannot concur in this view. The formation of the diamond fold by the conjoint action of two diverging moving surfaces being the essence of the eighth claim, and the defendants not making their diamond fold by the employment of two such agencies, there can be no infringement. The means for making the diamond fold forming one of the elements of the tenth and thirteenth claims, it follows that there is no infringement of those claims.

Bill dismissed, with costs.